UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GEREMY HENSLEY | : | DOCKET NO. 02-cr-20063 |
| | | CIVIL ACTION NO. 08-cv-1614 |
| VS. | : | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING AND ORDER

Before the Court is a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (doc. #44) wherein the petitioner complains that he was not given the adequate credit for jail time served. The motion will be denied because Petitioner has failed to exhaust the federal administrative remedies and furthermore, this Court lacks jurisdiction over the matter.

### LAW AND ANALYSIS

On February 25, 2003, Judge Rebecca Doherty sentenced defendant, Geremy D. Hensley, to 40 months imprisonment.[1] Upon release he was placed on supervised release for three years which commenced on May 25, 2006.[2] On November 15, 2006 Judge Doherty granted a request for a modification of the conditions of supervised release made by the United States Probation Office.[3] An arrest warrant was issued for Defendant on November 14, 2007 for his violation of supervised

---

[1] Doc. #24.

[2] Doc. #28.

[3] Doc. #28

release.[4] Defendant was arrested on May 1, 2008[5] and detained pending the revocation hearing.[6] At the hearing on May 20, 2008, Defendant's supervised release was revoked, and he was sentenced to two years imprisonment.[7]

Defendant filed the instant motion to vacate under 28 U.S.C. § 2255 on October 24, 2008. The matter was reassigned, and the motion was referred to the undersigned on November 10, 2009.

In his § 2255 motion, Defendant requests that this Court recalculate his sentence and give him additional credit for time he allegedly served. Claims for credit for time served address the computation and execution of the sentence rather than the sentence itself and should be addressed in a petition for writ of habeas corpus under 28 U.S.C. § 2241.[8]

Furthermore, even if the appropriate motion had been filed, any such request for credit for time served must first be addressed by the Bureau of Prisons.[9] The granting of credit for time served is an administrative matter to be determined by the Bureau of Prisons, thus the sentencing court does not participate in the computation of credit.[10] The decision by the Bureau of Prisons as to the credit for time served may be reviewed by the district court, but the defendant must first exhaust the

---

[4] Possession of a firearm by a convicted felon. Sealed Docs. #29 & 30.

[5] Doc. #32.

[6] Doc. #39.

[7] Docs. #42-43.

[8] *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *United States v. Cleto*, 956 F. 2d 83, 84 (5th Cir. 1992); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

[9] *United States v. Wilson*, 112 S.Ct. 1351 (1992); *United States v. Barrera-Saucedo*, 385 F.3d 533, 536 (5th Cir. 2004); *United States v. Dowling*, 962 F.2d 390 (5th Cir. 1992); *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994).

[10] *Id.*

administrative remedies and then seek judicial review under 28 U.S.C. § 2241.[11] Because defendant has not demonstrated to this Court that he has exhausted his administrative remedies, we lack jurisdiction to review the matter.[12]

Even if Defendant could demonstrate that he had exhausted his administrative remedies, this Court still would not have jurisdiction to review a § 2241 motion. A properly filed § 2241 motion must be filed in the district court where the defendant is presently incarcerated, or the prisoner's immediate custodian.[13] Usually, the prisoner's immediate custodian is the proper party respondent to a § 2241 habeas petition, and that party is customarily the warden of the facility in which the prisoner is currently incarcerated.[14] Defendant Hensely is currently incarcerated in Mississippi. Therefore, the Western District of Louisiana would not have jurisdiction over this particular matter. Accordingly, for the reasons set forth above, it is

**ORDERED** that the motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of November, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[11] *Fuller, supra,*; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Kayfez v. Gasele*, 993 F.2d 1288, 1289 (7th Cir. 1993); *Pinedo v. United States*, 955 F.2d 12, 13 (5th Cir. 1992).

[12] *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Cleto*, 956 F.2d at 841; *Fuller*, 11 F.3d at 62.

[13] *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990); *United States v. Miller*, 871 F.2d 488, 489-490 (5th Cir. 1989).

[14] *Chatman-Bay v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988)(en banc).